WO                                                                                                                                KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela, | No. CV 20-01852-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Shawnna Anderson, et al., | |
| Defendants. | |

On July 6, 2020, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined in the Arizona State Prison Complex-Florence, filed a Motion for Leave to File Pursuant to Court Order (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 3) and lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  The Court will deny the Motion for Leave to File and dismiss this case.

**I.   Vexatious Litigant Orders**

Plaintiff has filed more than 200 cases in this Court since 2002.  In response, the Court has issued multiple vexatious litigant injunctions restricting Plaintiff's ability to file in this Court.  In a November 27, 2017 Order in CV 16-00951-PHX-NVW (MHB), the Court amended the current vexatious litigant injunction and set additional pre-filing requirements.  Pursuant to the amended injunction entered against Plaintiff, before filing a

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover.  Plaintiff is housed in a male-inmate facility, but identifies as female and refers to herself with feminine pronouns.

complaint, Plaintiff must obtain leave of the Court. Specifically, Plaintiff must file a Motion for Leave to File that conforms to the following provisions:

1. Plaintiff must file, with each new Complaint, documentation showing that Plaintiff has pursued available administrative remedies. The documentation must include copies of Plaintiff's grievances, responses to those grievances, and any appeals filed by Plaintiff as well as responses to those appeals.

2. If Plaintiff's claims are based on allegations that she has a serious medical condition or has suffered serious physical injuries, **Plaintiff must file, with the Complaint, documentation of her medical condition(s) and/or injuries that goes beyond her own allegations in the complaint. This evidence may be in the form of medical records or sworn affidavits from medical professionals that document the conditions or injuries alleged in the complaint.**

3. As stated in the 2004 Injunction, Plaintiff must also file a Motion for Leave to File which contains:

    (1) in the FIRST sentence, a request for leave to file;

    (2) in the SECOND sentence, a certification that the claims Plaintiff wishes to present are new claims never before raised and disposed of on the merits by any federal court.

    If any future Motion for Leave to File does not contain these two requirements, IN THE FIRST TWO SENTENCES, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of this Court.

    (3) in the THIRD sentence, a short, plain statement of the harm Plaintiff has suffered and by whom such harm was inflicted. If the THIRD SENTENCE does not contain this requirement, and if the Court cannot determine what harm Plaintiff claims to have suffered and what Defendant allegedly committed the harm, the Court will read no further, the Motion for Leave to File will be denied, and the case will be

|   |   |   |
|---|---|---|
|   |   | dismissed for failure to comply with this Order of the Court. |
|   | 4. | Because Plaintiff has "three strikes," any in forma pauperis lawsuit she files must clearly, coherently, and credibly allege that Plaintiff is under imminent danger of serious physical injury.  False allegations of imminent harm may subject Plaintiff to sanctions including further filing restrictions. |
|   | 5. | **If Plaintiff fails to comply with all the requirements of this Order in any filing, the Court will, without further notice, deny Plaintiff in forma pauperis status in that action and in all subsequent actions before this Court.** |

CV 16-00951-PHX-NVW (MHB) (Doc. 88 at 2-4 (emphasis in original)).

**II.     Denial of Motion for Leave to File**

Plaintiff has filed a Motion for Leave to File, but has not filed sufficient documentation showing that she has pursued available administrative remedies.  In the Complaint, Plaintiff names 23 Defendants and claims she has been sexually assaulted by large numbers of Arizona Department of Corrections staff.  Of the 98 pages of grievances and grievance responses Plaintiff attached to her Motion to File, none are related to claims of staff sexual assault.  Several pages are entirely illegible, many appear to be forms that Plaintiff filled out but did not submit to administration (they do not have case numbers, are not signed by staff, or were not responded to), and the remainder are related to complaints of harassment or alleged assaults by other inmates, a claim of excessive force by staff (i.e. that a corrections officer "dropped" Plaintiff on the stairs), and claims that staff acted unprofessionally toward her.  These grievances and responses are not related to the claims in the Complaint and therefore do not meet the prefiling requirements.  Accordingly, the Court will deny the Motion for Leave to File.

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Leave to File (Doc. 1) is **denied**.

(2)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 3) is **denied**.

. . . .

- 3 -

(3)     This action is **dismissed without prejudice**.  The Clerk of Court must enter judgment and close this case.

Dated this 29th day of October, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge